# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD A. HATFIELD,<br>　　　　　Plaintiff,<br><br>v.<br><br>1. THE BOARD OF COUNTY<br>　COMMISSIONERS OF COTTON<br>　COUNTY, a county government, and<br><br>2. MIKE WOODS, in his individual<br>　capacity,<br>　　　　　Defendants. | CIV-20-937-J<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his cause of action states:

## PARTIES

1. The Plaintiff is Richard A. Hatfield, an adult resident of Cotton County, Oklahoma.

2. The Defendants are:

    A. The Board of County Commissioners of Cotton County, which is sued as the County under 19 O.S. § 4, and not as either a department of the County or as the individual commissioners; and,

    B. Mike Woods, an elected County Commissioner for Cotton County who is sued in his individual capacity.

## JURISDICTION AND VENUE

3. This is a cause of action for injury to Plaintiff's First Amendment rights by a government official acting under color of state law which is made actionable by 42 U.S.C. § 1983. Jurisdiction is vested over such action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. All of the actions taken in this case occurred in Cotton County, Oklahoma, and the Defendants reside in and may be served in Cotton County, Oklahoma. Cotton County is located in the Western District of the United States District Courts of Oklahoma for which venue is proper in this Court.

## STATEMENT OF FACTS

5. The Plaintiff, Richard A. Hatfield, was employed as the janitor for the Cotton County courthouse offices. Plaintiff had worked in that capacity from October 1, 2008, until his wrongful termination on August 3, 2020.

6. The position of janitor does not involve any duties of loyalty or political fidelity.

7. Mr. Hatfield satisfactorily performed all of the duties for his position.

8. The Sheriff, Tim King, was up for election with the primary election scheduled for June 30, 2020. The only candidates for that position were Republicans so the winner of the primary election was automatically elected to the position.

9. Mr. Hatfield supported Mr. King's opponent and placed a yard sign in his yard.

10. After Mr. Hatfield's support of Mr. King's opponent became known, he was warned this exercise of his First Amendment rights could cost Mr. Hatfield his job. In particular:

   a. On or around mid-June 2020, Milton Hunnicutt, a county employee working for Mike Woods and the son-in-law for Mr. King, called Plaintiff and said 'Mike [Woods] is mad at you; he saw the sign in your yard." Mr. Hunnicutt then told the Plaintiff that Plaintiff's job was in

jeopardy. Plaintiff went to Margaret Davis, the secretary to the county commissioners, and asked if he could be fired for his yard sign. She said, they better not.

b. Right after the primary, the Sheriff (Mr. King) denied Plaintiff the assistance of prisoner labor which Plaintiff had previously had to assist in cleaning and yard work.

c. Shortly after the election, in early July, Plaintiff received a phone call from Billy Ray Tisdale (Foreman for Mike Woods) saying Plaintiff had to get up and spray around the jail for weeds. This had not been a duty. Plaintiff went to Nikki Vardell, County Clerk and wife of the District 2 County Commissioner. Ms. Vardell said, 'you know this is all from that sign [for King's opponent]'.

d. On July 3, 2020, the Thursday before Plaintiff was fired, Tim King and Lori Hedges (emergency management and auxiliary deputy) required the Plaintiff, without assistance, to move a very heavy desk, a three drawer filing cabinet full of files, and two more dollys of files up a flight of stairs to storage. Plaintiff asked Sheriff King for inmate help to assist in the move- something that had always been provided- but Sheriff King laughed at the Plaintiff and refused to give him any assistance. Plaintiff was not told at the time, but discovered later that the Commissioner had fired him earlier that day. Plaintiff was not told of the firing until the following Monday morning when Plaintiff reported to work and began to mow county property.

11. Mike Woods walked to the Plaintiff with the UnderSheriff and whistled for the Plaintiff to come over. Mr. Woods said, 'your services are no longer needed' and walked off. Plaintiff asked Mr. Woods why he was being fired, but Mr. Woods did not even respond to the Plaintiff.

12. Plaintiff had not been warned, counseled, written up or disciplined prior to the termination regarding his job performance.

13. In terminating Plaintiff's employment, the County and Mr. Woods were retaliating against the Plaintiff in violation of Plaintiff's First Amendment right to refuse to support or endorse Mr. King as a candidate.

14. In terminating Plaintiff's employment, Mr. Woods was acting in his official capacity as a County Commissioner for Cotton County. The Board of County Commissioners for Cotton County is vested with final policymaking authority, including hiring and firing power, for county employees including the Plaintiff. As such, the actions of the Board of County Commissioners represent the actions of Cotton County and Cotton County as a governmental entity is liable for those actions.

15. As the direct result of the actions of the Board of County Commissioners and of Mr. Woods individually, Plaintiff has suffered wage and earnings loss, past, present and on-going, and has also suffered dignitary harms in the form of anxiety, embarrassment and other similar unpleasant emotions. For this injury Plaintiff seeks monetary compensation from Mr. Woods individually and from the County as a governmental entity.

16. Because Mr. Woods' participation in the act of terminating the Plaintiff was retaliatory, malicious or, at the least, in reckless disregard of Plaintiff's

constitutional rights, Plaintiff is entitled to an award of punitive damages against Mr. Woods individually.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant Board of County Commissioners of Cotton County, which is the manner of suing Cotton County under 19 O.S. §4, and against Mr. Woods individually for all damages suffered by the Plaintiff, both due to Plaintiff's wrongful termination. Plaintiff also prays for imposition of an award of punitive damages against Mr. Woods in his individual capacity. Finally, Plaintiff prays that he be granted his costs, attorney's fees and any other legal or equitable relief as may be proper.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF SEPTEMBER, 2020.**

s/Mark Hammons
HAMMONS, HURST & ASSOC
Mark Hammons OBA No. 3784
325 Dean A. McGee Ave.
Oklahoma City, OK 73102
(405) 235-6100
FAX: (405) 235-6111
Email: amberashby@hammonslaw.com
JURY TRIAL DEMANDED